IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00009-MR

PAUL GORDON DAY,                )
                                )
            Plaintiff,          )
                                )
vs.                             )
                                )
SWAIN COUNTY DETENTION CENTER,  )        **ORDER**
et al.,                         )
                                )
            Defendants.         )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's filing of a Second Amended Complaint. [Doc. 15].

The pro se Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 while he was a federal pretrial detainee at the Swain County Detention Center.[1] [Doc. 1]. Before the Complaint had been screened for frivolity, the Plaintiff filed an Amended Complaint in which he attempted to add claims in a piecemeal fashion. [Doc. 9]. The Complaint and the Amended Complaint are both unsigned.

On April 17, 2024, the Court entered an Order granting the Plaintiff the opportunity to either sign the Complaint, or to file a superseding Second

---

[1] Plaintiff is now awaiting sentencing in Case No. 1:23-cr-00013-MR.

Amended Complaint, within 30 days. [Doc. 14]. He was cautioned that "[p]iecemeal amendment will not be permitted." [Id. at 2]. He was further cautioned that, "[s]hould the Plaintiff fail to comply with this Order, this case will be dismissed and closed without further notice to the Plaintiff." [Id.].

The Plaintiff has now filed a Second Amended Complaint in which he attempts to incorporate portions of the original Complaint by reference. [See Doc. 15 at 1-2, 5]. The Plaintiff has failed to comply with the Court's April 17 Order in which he was instructed to file a superseding Second Amended Complaint and to refrain from amending in a piecemeal fashion. Accordingly, this action is dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: June 26, 2024

Martin Reidinger
Chief United States District Judge